4/27/2020 5:04 PM
Reba Squyres, District Clerk
Angelina County, Tex
By: Jill Kelle
Deputy Cle

CV-00205-20-04

CAUSE NO. _____

| | | |
|---|---|---|
| OVELIA MARIE DUIRDEN | § | IN THE ____ DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | |
| AMERICAN ALTERNATIVE | § | |
| INSURANCE CORPORTATION | § | ANGELINA COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, OVELIA MARIE DUIRDEN, complaining of Defendant AMERICAN ALTERNATIVE INSURANCE CORPORATION and for cause of action would show the Court the following:

I.

**DISCOVERY CONTROL PLAN**

Discovery in this case is intended to be conducted under Level II of Rule 190.1, of the Texas Rules of Civil Procedure.

II.

**RESIDENCE OF PARTIES**

Plaintiff is a resident of Lufkin, Angelina County, Texas.

Defendant AMERICAN ALTERNATIVE INSURANCE CORPORATION is an insurance company writing insurance in Texas and other states, writing automobile casualty insurance and health and accident-type insurance coverages in its policies with its principal place of business in New Jersey, with agent for service in the State of Texas being Registered Agent Solutions, Inc., 1701 Directors Boulevard, Suite 300, Austin, Texas 78744-1044, upon whom service of citation may be effected.

5226   04/27/20

*Duirden v. American Alternative Insurance Corporation*

## III.

## FACTUAL ALLEGATIONS

On or about August 22, 2018, Plaintiff, OVELIA MARIE DURIDEN, was stopped waiting for oncoming traffic to pass in the inside westbound lane of traffic on Atkinson Drive, Lufkin, Angelina County, Texas in a 2012 Nissan Sentra automobile and Defendant Jared Alexander Ranniger was also westbound in the inside lane of traffic of Atkinson Drive in a 2007 Mitsubishi Eclipse automobile. When, suddenly and unexpectedly, Defendant Jared Alexander Ranniger failed to control his speed and crashed violently and forcefully into Plaintiff's vehicle. As a result of this collision, Plaintiff sustained serious and extensive injuries.

## IV.

## CAUSES OF ACTION

At the time and on the occasion above-described, the Defendant Jared Alexander Ranniger was guilty of the following acts of negligence:

1. In failing to properly apply brakes in order to avoid the collision;

2. In failing to maintain an assured clear distance between his vehicle and Plaintiff's vehicle;

   TRC section 545.062 FOLLOWING DISTANCE. (a) An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway."

3. In failing to keep a proper lookout;

4. In driving at an excessive rate of speed;

   Transportation Code section 545.351 (a) states "An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing."....

    (b) An operator:

        (1) may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and

        (2) shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care.

5. Failure to safely and reasonably control his own vehicle.

6. In driving in a reckless manner.

    TRC 545.401 RECKLESS DRIVING; OFFENSE. (a) A person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property.

Each of the above described acts of negligence was a proximate cause of the occurrence in question and resulting injuries and damages to the Plaintiff.

## V.

## NEGLIGENCE PER SE

The actions and conduct of the Defendant as set out in paragraph IV, are in violation of the traffic laws contained in Chapter 545 of the Transportation Code of the State of Texas, which constitutes negligence per se, for which the Plaintiff intends to rely on at the trial, as said negligence per se is a proximate cause of the occurrence in question and resulting damages and injuries to the Plaintiff.

5226    04/27/20

*Duirden v. American Alternative Insurance Corporation*

## VI.

## DAMAGES

As a result of the above described negligence and negligence per se, the Plaintiff has been injured in the following respects:

1. Past physical pain, suffering, and mental anguish;

2. Hospital, medical, doctor, ambulance and pharmaceutical bills incurred in the past;

3. Physical impairment to the person of the Plaintiff that has been incurred in the past;

4. Physical pain, suffering, and mental anguish that the Plaintiff will, in all reasonable medical probability, suffer in the future;

5. Hospital, doctor, medical, and pharmaceutical bills which the Plaintiff will, in all reasonable medical probability, incur in the future;

6. Physical impairment to the person of the Plaintiff which, in all reasonable medical probability, she will suffer in the future;

7. Loss of earnings in the past;

8. Loss of earning capacity in the future;

9. Physical disfigurement that said Plaintiff has suffered in the past;

10. Physical disfigurement that Plaintiff will, in all reasonable medical probability, she suffer in the future.

## VII.

## INTEREST

The Plaintiff hereby seeks all Pre-Judgment and Post-Judgment Interest in the maximum amounts as allowed by law on each separate and individual element of damage.

5226    04/27/20

*Duirden v. American Alternative Insurance Corporation*

## VIII.

## UNDERINSURED/UNINSURED MOTORISTS BENEFITS

Plaintiff, OVELIA MARIE DUIRDEN, will show the Court and Jury that on or about August 22, 2018 for a valuable consideration she was insured by the Defendant AMERICAN ALTERNATIVE INSURNACE CORPORATION under one of its insurance policies. The terms and provisions of said policy of insurance are well known to the Defendant due to the fact that it issued the insurance policy and it has a copy of same.

Plaintiff would further show the Court and Jury that on or about August 22, 2018, while all premiums were paid upon said policy of insurance and while said policy was in full force and effect, Plaintiff sustained a loss under said policy because of the fact that on said date while she was the driver of a 2012 Nissan Sentra, the insured vehicle, Plaintiff was involved in a collision as set out in paragraph III of this Petition.

As a result of the "collision", Plaintiff sustained a loss under the policy under the UNINSURED/UNDERINSURED Motorists coverage which provides for the recovery not to exceed $1,000,000.00 (One Million dollars and no cents) per person.

## IX.

## ATTORNEY'S FEES

Plaintiff further shows that it was necessary for her to employ Mari Badders and Jeff B. Badders of Badders Law Firm, P.C., practicing attorneys of Lufkin, Texas, to present her claim for uninsured motorists benefits and to prosecute this claim under the above mentioned policy of insurance, and that she has contracted with said attorney to pay her an attorney's fee for which she seeks to recover.

## X.

### PLAINTIFF'S LIFE EXPECTANCY

According to the United States Life Tables, 2006 National Vital Statistics Reports; Vol. 58, No. 21, Plaintiff has a life expectancy of 49.5 years. The Plaintiff intends to use a certified copy of the United States Life Tables, 2006 National Vital Statistics Reports; Vol. 58 No. 21, and offer same into evidence at the time of trial.

## XI.

### TRCP RULE 193.7 NOTICE

Pursuant to Texas Rules of Civil Procedure Rule 193.7, Plaintiff intends to use all documents produced by the Defendant as authenticated documents.

## XII.

### REQUEST FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

## XIII.

### REQUSET FOR DISCLOSURE AND PRESERVATION

1. Under TEXAS RULES OF CIVIL PROCEDURE 194, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.
2. The Defendant is hereby given notice that any document, other material, or item, including electronically stored information, that may be evidence or relevant to any issue in this case is to be preserved in its present form until this litigation is concluded.

5226    04/27/20

*Duirden v. American Alternative Insurance Corporation*

## XIV.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff, OVELIA MARIE DUIRDEN, respectfully prays that upon a final hearing she have judgment against the Defendant, AMERICAN ALTERNATIVE INSUREANCE CORPORATION, for the injuries and damages to Plaintiff in excess of One million and no/100 dollars ($1,000,000.00); for pre-judgment interest; for all costs of suit, and for such other and further relief, general and special, legal and equitable, to which she may be entitled to receive.

Respectfully submitted,

**BADDERS LAW FIRM, P.C.**
302 South Bynum
Lufkin, Texas 75904
Tel:   936) 632-9377
Fax: (936) 632-6953

/s/ Mari Badders
Jeff B. Badders
SBN01496850
badders@badderslaw.com
Mari E. Badders
SBN 24100030
Mariko.badders@badderslaw.com
*Attorneys for Plaintiff*